IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 08-cr-00534-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  ANTWANE DESHON TAYLOR,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on defendant Antwane Deshon Taylor's pro se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 45], wherein Mr. Taylor asks the Court to reduce his sentence below the mandatory minimum sentence of 120 months based on his argument that the reasoning of *Dorsey v. United States*, --- U.S. ----, 132 S.Ct. 2321 (2012), should apply retroactively to his situation. The United States filed a response opposing the motion.

    Mr. Taylor pled guilty on February 23, 2009 and, on June 5, 2009, the Court sentenced him to 135 months imprisonment. On January 31, 2012, on defendant's motion [Docket No. 40] and pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced the defendant's sentence to 120 months imprisonment. Docket No. 44. The Court had authority to reduce the defendant's sentence pursuant to Amendment 750 of the United States Sentencing Commission, which gave retroactive effect to its guidelines implementing the Fair Sentencing Act of 2010 ("FSA"). The Court noted that, "[w]ith a

criminal history category of III, the defendant's amended guideline sentencing range is 87 to 108 months imprisonment. However, due to the statutory minimum sentence being imprisonment for 120 months, the guideline sentence is 120 months imprisonment. The defendant's motion contains the same calculation. Docket No. 40 at 3." Docket No. 43 at 2 (citation omitted).

Despite previously agreeing that his sentence could not be reduced below the 120 month mandatory minimum sentence, defendant now seeks to do so, basing his argument on his interpretation of *Dorsey*. However, the Tenth Circuit has made it clear that *Dorsey* cannot be read to allow retroactive modifications of sentences below the mandatory minimum. "[T]he FSA does not retroactively apply to defendants who were initially sentenced before the FSA's effective date of August 3, 2010." *United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013). Given that Mr. Taylor was sentenced on June 5, 2009, he is not entitled to retroactive application of the FSA. Moreover, "[s]entence modification under § 3582(c) does not amount to 'resentencing,' and a district court does not have discretion to sentence below the statutorily mandated minimum sentence that applied when the defendant was initially sentenced." *Id*. at 1028. As a result, the Court has no ability to grant the defendant's request. Wherefore, it is

**ORDERED** that defendant Antwane Deshon Taylor's pro se Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 45] is denied.

DATED January 5, 2015.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge